**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geraldine M. Reiniger, et vir., | ) |
| Plaintiffs, | ) No. CV-09-8185-PCT-PGR |
| vs. | ) |
| W.L. Gore & Associates, Inc., et al., | ) <u>ORDER</u> |
| Defendants. | ) |

Pending before the Court is defendant W.L. Gore & Associates, Inc.'s Motion to Dismiss Certain Claims (doc. #20). Having considered the parties' memoranda in light of the allegations of material fact in the complaint, which the Court has taken as true and has viewed in the light most favorable to the plaintiffs, the Court finds that the motion should be granted in part and denied in part.[1]

<u>Background</u>

This action arises from an allegedly defective synthetic mesh device

---

[1] The Court has dispensed with the oral argument requested by both sides because it does not believe that oral argument would aid the decisional process.

surgically implanted into plaintiff Geraldine Reiniger on April 17, 2001 for the purpose of repairing her cystocele, rectocele, vaginal vault prolapse and genuine stress incontinence. The plaintiffs allege that as a result of such problems as the erosion, shrinkage and extrusion of the mesh device, Mrs. Reiniger suffered through multiple surgical procedures to remove it, painful scarring, and worsening and continuing dyspareunia. The plaintiffs' complaint, filed on October 16, 2009 against various defendants, raises claims for strict products liability-failure to warn (First Cause of Action), strict liability (Second Cause of Action), negligence (Third Cause of Action), breach of implied warranty (Fourth Cause of Action), breach of express warranty (Fifth Cause of Action), fraud (Sixth Cause of Action), fraud by concealment (Seventh Cause of Action), negligent misrepresentation (Eight Cause of Action), and violation of New York and Arizona consumer fraud and deceptive trade practices statutes (Ninth Cause of Action), and loss of consortium (Tenth Cause of Action); the relief sought by the plaintiffs in the complaint includes punitive damages. Defendant W.L. Gore & Associates, Inc. ("Gore") has moved to dismiss all of the claims except the two strict product liability claims, the negligence claim, and the loss of consortium claim; it has also moved to dismiss the request for punitive damages.

Discussion

(1) Breach of Warranty Claims

In their breach of implied warranty claim (Fourth Cause of Action), which the Court construes as being a U.C.C.-based claim, the plaintiffs allege in part that Gore impliedly warranted that its mesh device was merchantable and fit and safe for ordinary use, and was fit for the particular purpose of repairing/correcting

pelvic organ prolapse, rectocele, enterocele and stress urinary incontinence.[2] In their breach of express warranty claim (Fifth Cause of Action), which the Court construes as being a U.C.C.-based claim, the plaintiffs allege in part that Gore expressly warranted that its mesh device was safe, effective, fit and proper for its intended use. Gore has moved to dismiss both warranty claims on the ground that they were filed more than four and a half years after the expiration of the four-year limitations period set forth in A.R.S. § 47-2725, which they contend commenced running on April 17, 2001, the date of Mrs. Reiniger's surgery. The Court agrees that these two claims are facially time-barred under Arizona law.

Section 47-2725(A), the relevant statute of limitations, provides in pertinent part that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."[3] Section 47-2725(B) provides that

> [a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*See also,* E.L Farmer Construction Co. v. Hartford Accident & Indemnity Co., 114 Ariz. 210, 560 P.2d 65, 66 (App.1977) ("A warranty as to quality of goods or workmanship is generally broken, if at all, when made and the statute of limitations begins to run from the date of sale or delivery.")

---

[2] Since this action is based solely on diversity of citizenship jurisdiction, Arizona substantive law governs.

[3] The plaintiffs do not argue in their cursory response that § 47-2725 is not the statute of limitations that is applicable to their breach of warranty claims.

- 3 -

The plaintiffs, conclusorily stating in their mere three-sentence responsive argument that Gore "expressly and impliedly warranted that it mesh device would perform well in the future which it failed to do[,]" assert that their warranty claims did not accrue until they discovered that the mesh device was defective, which they contend did not occur until October, 2008, which is when they allege that the FDA released a public health notification associated with transvaginal placement of surgical mesh devices such as the one at issue. The Court is unpersuaded by this argument.

First, although not mentioned by either side, § 47-2725(B)'s exception by its very terms has no application to the plaintiffs' implied warranty claim. *See e.g.*, Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc., 23 F.3d 1547, 1550 (9th Cir.1994) (In considering whether breach of warranty claims were time-barred under Washington's version of UCC § 2-725(B), which is identical to Arizona's, the court noted that no implied warranties can meet § 2-725(B)'s "explicitly" requirement "since, by their very nature, they never explicitly extend to future performance.") (Internal quotation marks omitted) (quoting Standard Alliance Industries v. Black Clawson Co., 587 F.2d 813, 820 (6th Cir.1978), *cert. denied*, 441 U.S. 923 (1979)); *accord*, Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 223 F.3d 873, 879 (8th Cir.2000) ("The courts have vigorously enforced the U.C.C.'s statutory explicitness requirement [in U.C.C. § 2-725(B)]. Implied warranties cannot, by their very nature, explicitly extend to future performance.") (internal citations omitted).

Second, although certain express warranties have been found to extend explicitly to future performance under §47-2725(B)'s exception, the Court agrees with Gore that plaintiffs' allegations are insufficient to invoke that exception here

since their complaint neither attaches, cites to or quotes from any alleged warranty provided by Gore for the mesh device that explicitly extends to the future performance of the device; in fact, the Court is not aware of any allegation in the complaint that even refers to any warranty by Gore related to the future performance of the mesh device. *See* <u>Western Recreational Vehicles, Inc.</u>, 23 F.3d at 1550 ("Under this majority rule [interpreting U.C.C. § 2-725(B)'s exception very narrowly], therefore, courts construe the term 'explicit' to mean that the [express] warranty of future performance must be unambiguous, clearly stated, or distinctly set forth.") (internal brackets omitted) (quoting <u>R.W. Murray Co. v. Shatterproof Glass Corp.</u>, 697 F.2d 818, 822 (8th Cir.1983)).

Although Gore argues that the plaintiffs should not be given leave to amend either of their breach of warranty claims, the Court agrees only as to the breach of implied warranty claim as any such amendment would be futile given the running of the statute of limitations. Based on the record before it, however, the Court cannot conclude that the plaintiffs are unable to allege that Gore made some express warranty coming within the purview of § 47-2725(B)'s exception.

(2) Fraud-Based Claims

Gore has also moved to dismiss all of the plaintiffs' fraud-based claims (the Sixth, Seventh, Eighth and Ninth Causes of Action) on the ground that none of them comply with the pleading requirement of F.R.Civ.P. 9(b). Rule 9(b), which applies to both common law fraud and statutory causes of action based on fraud, mandates that fraud claims be pleaded with particularity, *i.e.* that averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir.2009).

Gore argues in part, and the Court agrees, that the plaintiffs' conclusory allegations of fraudulent representations concerning the mesh device underlying the fraud-based claims lack the particularity required by Rule 9(b) in that they do not allege the time, date, place, or author of the alleged misrepresentations. If these averments related to alleged misrepresentations are stripped from the fraud-based claims, the remaining allegations in these claims are insufficient to state a claim. *See* Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir.2003) ("[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim.")

In their mere two-sentence responsive argument, the plaintiffs do not contend that their complaint complies with the requirements of Rule 9(b); rather, without citation to any legal authority, they seek leave of court "to conduct discovery to determine what Defendant knew and when it knew it, and then amend their complaint, as the information necessary to allege more factual details is within Defendant's exclusive custody and control." Since the purpose of Rule 9(b)'s heightened pleading requirement is to protect a defendant from the reputational harm inherent in fraud allegations, Vess, 317 F.3d at 1104, the Court agrees with Gore that the plaintiffs should not be allowed to conduct a discovery fishing expedition before properly stating any fraud-based claim. The Court does not, however, agree with Gore's contention that the plaintiffs should not be given an opportunity to amend their fraud claims inasmuch as the Ninth Circuit has stated that "dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend should be granted if it appears at all possible

that the plaintiff can correct the defect." *Id.* at 1108.  The Court cannot conclude from the record before it that any amendment of the plaintiffs' fraud-based claims would be futile.

(3) Request for Punitive Damages

Part of the relief sought by the plaintiffs consists of a prayer for punitive damages, which they seek in part in their strict liability claim that Gore has not moved to dismiss.  Gore argues that the plaintiffs' "claim" for punitive damages should be dismissed because the allegations in the complaint do not rise to the level of egregiousness necessary to state a claim for punitive damages.  The plaintiffs' argue in response that it is certainly conceivable that Gore's conduct, which it contends prioritized profits over patient safety, could rise to the level to substantiate an award of punitive damages and that discovery is required to determine the extent of Gore's knowledge of its product's defects.  Given that the plaintiffs seek punitive damages as part of their relief, not as a separate substantive "claim," and given that it is the Court's general policy not to eliminate a prayer for punitive damages at the motion to dismiss stage of an action, the Court cannot agree at this time that the plaintiffs should not be allowed to seek punitive damages.  Therefore,

IT IS ORDERED that Defendant W.L. Gore & Associates, Inc.'s Motion to Dismiss Certain Claims (doc. #20) is granted in part and denied in part.  It is granted to the extent that (1) the plaintiffs' Fourth Cause of Action (Breach of Implied Warranty) is dismissed without leave to amend as time-barred, (2) the plaintiffs' Fifth Cause of Action (Breach of Express Warranty) is dismissed with leave to amend as time-barred, (3) the plaintiffs' Sixth Cause of Action (Fraud), Seventh Cause of Action (Fraud by Concealment), Eighth Cause of Action

(Negligent Misrepresentation), and Ninth Cause of Action (Violation of State Consumer Fraud & Deceptive Trade Practices Act) are all dismissed with leave to amend pursuant to Fed.R.Civ.P. 9(b), and it is denied to the extent that it seeks the dismissal of the plaintiffs' prayer for punitive damages.

IT IS FURTHER ORDERED that the plaintiffs shall have through **June 11, 2010** in which to file an amended complaint.

DATED this 12th day of May, 2010.

Paul G. Rosenblatt
United States District Judge